UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF HOUSTON, § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-07-2722 |
| § | | |
| SHAYN A. PROLER, § | | |
|     *Defendant.* § | | |

**MEMORANDUM OPINION & ORDER**

"[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1244 (2006). In this removed action, the court has reviewed the plaintiff's notice of removal and has determined that the court lacks subject-matter jurisdiction to hear this case. Accordingly, this action will be REMANDED to the 234th Judicial District Court of Harris County, Texas.

On May 18, 2007, the City of Houston ("the City") filed its original petition against Shayn A. Proler ("Proler") in Texas state court. Dkt. 1, Ex. 1 at 1. The City's petition seeks an order declaring that decisions made by a third-party hearing examiner were void, as they exceeded his authority under the Texas constitution and the Texas Local Government Code. *Id.* at 5. None of the City's claims arise under federal law, and both parties are citizens of Texas. Upon receiving service of process on July 3, 2007, Proler filed his answer along with a counterclaim against the City. Dkt. 1, Ex. 3 at 1. Proler's counterclaim alleges that the City violated his rights under the Texas Commission on Human Rights Act ("TCHRA") and the federal Americans with Disabilities Act of 1990 ("ADA"). *Id.* at 3. The City submitted a motion to sever Proler's counterclaim (Dkt. 1, Ex. 4), which was denied by the state court (Dkt. 1, Ex. 9). The City then removed this case to federal court.

## I. ANALYSIS

After reviewing the City's notice of removal and supporting exhibits, the court concludes that it lacks subject-matter jurisdiction over this case. Here, the City asserted in its original petition only state-law causes of action and the parties maintain no diversity of citizenship. *See* Dkt. 1, Ex. 1 at 3 (alleging state-law claims and that the City is a municipal corporation domiciled in Texas and that the defendant is also a Texas citizen). Even though a federal court would have jurisdiction to consider the defendant's ADA counterclaim if it were an independent cause of action, as a counterclaim it cannot cure the lack of jurisdiction evident on the face of the City's petition. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 153–54, 29 S. Ct. 42 (1908); *see also Marshall v. Shellcast Corp.*, 592 F.2d 1369, 1370 n.1 (5th Cir. 1979); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 672 n.5 (5th Cir. 1978). Therefore, the court lacks subject-matter jurisdiction over the entire action, and removal was improper.[1] *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

Furthermore, the court lacks removal jurisdiction over this case removed by the plaintiff. Under the plain language of 28 U.S.C. § 1441(a), only a defendant is a proper party to remove a case.

---

[1] The plaintiff avers that defendant consented to removal, perhaps in an attempt to cure the jurisdictional defect. *See* Dkt. 1 at 1. However, it is hornbook law, learned by every civil procedure student, that subject-matter jurisdiction cannot be manufactured by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007) (reiterating "the truism that subject matter jurisdiction 'cannot be conferred by consent, agreement, or other conduct of the parties.'") (quoting *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973)). Thus, even though all parties have prayed for entrance into the federal forum, that is a prayer the court simply cannot answer (or, more accurately, the answer is "No").

*See id.*; *see also Scott v. Commc'ns Servs., Inc.*, 762 F. Supp. 147 (S.D. Tex. 1991) ("From 1875 to 1887, the removal statute allowed any party to remove to federal court, but since the 1887 amendments to the removal statute that narrowed the right of removal, the right of removal has belonged solely to the defendant."), *aff'd*, 961 F.2d 1571 (Table) (5th Cir. 1992). And while the City has argued that it is a "counter-defendant," the Supreme Court has held that the assertion of a counterclaim against a plaintiff does *not* convert that party into a defendant for removal purposes. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868 (1941). Thus, in addition to the fatal original jurisdiction flaws presented by this removal, removal jurisdiction is also lacking because the incorrect party has sought entry into the federal court.

## II. CONCLUSION

For each of the foregoing reasons, the court lacks subject-matter jurisdiction to hear this case. Pursuant to 28 U.S.C. § 1447(c), the action is REMANDED to the 234th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on August 24, 2007.

_____
Gray H. Miller
United States District Judge

3